UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| MOISES ESCOBEDO, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 1:10 CV 59 ) |
| KENNETH FRIES, Sheriff, *et al.*, | ) ) |
| Defendants. | ) |

## OPINION and ORDER

Moises Escobedo, a prisoner confined at the Northeast Ohio Correctional Center, filed a *pro se* complaint pursuant to 42 U.S.C. § 1983, alleging that Allen County Sheriff Kenneth Fries, Custody Officer Raymond Niblick, and the Allen County Commissioners violated his federally protected rights while he was confined at the Allen County Jail. Pursuant to 28 U.S.C. § 1915A(a), the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. FED. R. CIV. P. 12(b)(6) provides for the dismissal of a complaint, or any portion of a complaint, for failure to state a claim upon which relief can be granted. Courts apply the same standard under § 1915A as when addressing a motion under RULE 12(b)(6). *Lagerstrom v. Kingston*, 463 F.3d 621, 624 (7th Cir. 2006). "Dismissal is appropriate only when it appears beyond doubt that the plaintiff can prove no set of facts that would entitle him to relief." *Id.*

> In order to state a cause of action under 42 U.S.C. § 1983, . . . the plaintiff must allege that some person has deprived him of a federal right [and] . . . that the person who has deprived him of the right acted under color of state law. These elements may be put forth in a short and plain statement of the claim showing that the pleader is entitled to relief. FED. R. CIV. P. 8(a)(2). In reviewing the complaint on a motion to dismiss, no more is required from plaintiff's allegations of intent than what would satisfy RULE 8's notice pleading minimum and RULE 9(b)'s requirement that motive and intent be pleaded generally.

*Alvarado v. Litscher*, 267 F.3d 648, 651 (7th Cir. 2001) (citations, quotation marks and ellipsis omitted).

Escobedo brings this action under 42 U.S.C. § 1983, which provides a cause of action to redress the violation of federally secured rights by a person acting under color of state law. *Burrell v. City of Matoon*, 378 F.3d 642 (7th Cir. 2004). To state a claim under § 1983, a plaintiff must allege violation of rights secured by the Constitution and laws of the United States, and must show that a person acting under color of state law committed the alleged deprivation. *West v. Atkins*, 487 U.S. 42 (1988). The first inquiry in every § 1983 case is whether the plaintiff has been deprived of a right secured by the Constitution or laws of the United States. *Baker v. McCollan*, 443 U.S. 137, 140 (1979).

In his complaint, the plaintiff states that in 2009 he was at the Allen County Jail "after conviction while confined serving a sentence." (DE # 1 at 1.) He alleges that on January 9, 2009, Officer Niblick accused him of using another inmate's PIN to make phone calls, and ordered him to hang up the phone. He "was then taken to a disciplinary block, waiting for a hearing. The hearing never took place." (*Id.* at 3.) Later that month, Escobedo alleges that he "was sent to another block without going through

any hearing." (*Id.*) He alleges that Allen County Jail officials "did not follow proper prison procedures regarding how to handle such situation[s] while paying adequate attention to an inmate's due process rights." (*Id.*)

Escobedo alleges that the defendants violated rights protected by the Fourteenth Amendment's due process clause by placing him in disciplinary segregation prior to a hearing. Had Escobedo been a pretrial detainee when these incidents occurred, the Fourteenth Amendment's due process clause would have entitled him to due process before being punished. *Whitford v. Boglino*, 63 F.3d 527, 531 n.4 (7th Cir. 1995). But Esceobedo was not a pretrial detainee; in January 2009 he had already been convicted and was serving a sentence. (DE # 1.)

A convicted prisoner is entitled to due process only where the discipline imposed infringed on rights protected "by the due process clause of its own force" or where the sanction imposed on him amounts to an "atypical or significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 484 (1995). In *Sandin*, the Supreme Court found that transferring a convicted prisoner from the general population to disciplinary segregation for thirty days did not implicate the Fourteenth Amendment of its own force,"did not present the type of atypical, significant deprivation in which a state might conceivably create a liberty interest," and was "within the expected parameters of the sentence imposed by a court of law." *Id*. at 485. "Both temporary confinement and investigative status have been determined to be discretionary segregation, and do not implicate a liberty interest."

*Thomas v. Ramos*, 130 F.3d 574, 761 (7th Cir. 1997) (citing *Sandin,* 515 U.S. at 486). Placing a convicted felon in prehearing segregation without notice or other process does not violate the Fourteenth Amendment's due process clause, and the defendants did not deny Escobedo's due process when they placed him in temporary confinement in the Allen County Jail disciplinary unit.

For the foregoing reasons, the court **DISMISSES** this complaint pursuant to 28 U.S.C. § 1915A(b).

**SO ORDERED.**
Date: July 28, 2010

s/James T. Moody
JUDGE JAMES T. MOODY
UNITED STATES DISTRICT COURT