UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| MOISES ESCOBEDO, | ) |  |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | No. 1:10 CV 59 |
| KENNETH FRIES, Sheriff, *et al.*, | ) | |
| Defendants. | ) | |

## OPINION and ORDER

Moises Escobedo, a prisoner confined at the Northeast Ohio Correctional Center, filed a *pro se* complaint pursuant to 42 U.S.C. § 1983, alleging that Allen County Sheriff Kenneth Fries, Custody Officer Raymond Niblick, and the Allen County Commissioners violated his federally protected rights while he was confined at the Allen County Jail. In his complaint, Escobedo states that in 2009 he was at the Allen County Jail "after conviction while confined serving a sentence." (DE # 1 at 1.) He alleges that on January 9, 2009, Officer Niblick accused him of using another inmate's PIN to make phone calls, and ordered him to hang up the phone. He "was then taken to a disciplinary block, waiting for a hearing. The hearing never took place." (DE # 1 at 3.) Later that month, Escobedo alleges that he "was sent to another block without going through any hearing." (*Id.*) He alleges that Allen County Jail officials "did not follow proper prison procedures regarding how to handle such situation[s] while paying adequate attention to an inmate's due process rights." (*Id.*)

The court screened the complaint pursuant to 28 U.S.C. § 1915A(a), and dismissed it because the events Escobedo complains of occurred after he was convicted and a convicted prisoner is entitled to due process only where the discipline imposed infringed on rights protected "by the due process clause of its own force" or where the sanction imposed on him amounts to an "atypical or significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 484 (1995). In *Sandin*, the Supreme Court found that transferring a convicted prisoner from the general population to disciplinary segregation for thirty days did not implicate the Fourteenth Amendment of its own force,"did not present the type of atypical, significant deprivation in which a state might conceivably create a liberty interest," and was "within the expected parameters of the sentence imposed by a court of law." *Id*. at 485. "Both temporary confinement and investigative status have been determined to be discretionary segregation, and do not implicate a liberty interest." *Thomas v. Ramos*, 130 F.3d 574, 761 (7th Cir. 1997) (citing *Sandin*, 515 U.S. at 486). Placing a convicted felon in prehearing segregation without notice or other process does not violate the Fourteenth Amendment's due process clause, and the defendants did not deny Escobedo's due process when they placed him in temporary confinement in the Allen County Jail disciplinary unit.

Escobedo has filed a motion to reconsider the dismissal of his complaint, alleging that while he had been found guilty at trial before the events he complains of occurred,

"this conviction is not final yet. Plaintiff presents that his appeal is still pending and as of the timelines when these incidences occurred he was [a] 'pre-trial' detainee, not designated yet, not sentenced yet, not finally convicted yet, as of that date." (DE # 10 at 1.)

A pretrial detainee by definition is a person being held for trial. After his trial and conviction Escobedo was no longer a pretrial detainee. In order to be considered a convicted prisoner for purposes of the Fourteenth Amendment, a person need not have been sentenced or have completed appellate review of his conviction. That a court had found Escobedo guilty of the criminal charges against him before the incidents he complains of means that he was no longer a pretrial detainee.

For the foregoing reasons, the court **DENIES** the plaintiff's motion to reconsider the dismissal of his complaint pursuant to 28 U.S.C. § 1915A(b). (DE # 10.)

                                                          **SO ORDERED.**

Date: October 1, 2010

                                                 s/James T. Moody_____
                                                 JUDGE JAMES T. MOODY
                                                 UNITED STATES DISTRICT COURT